14-2751
Wang v. Lynch

BIA
Cheng, IJ
A087 755 239

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand fifteen.

PRESENT:

JON O. NEWMAN,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

YU PING WANG,
*Petitioner,*

v.                                          14-2751
                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,1
*Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New
                         Jersey.

---

1

   **Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.**

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; John M. McAdams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yu Ping Wang, a native and citizen of the People's Republic of China, seeks review of a July 8, 2014, decision of the BIA affirming a May 23, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Ping Wang,* No. A087 755 239 (B.I.A. July 8, 2014), *aff'g* No. A087 755 239 (Immig. Ct. N.Y. City May 23, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Wang was not credible.

The agency reasonably relied on discrepancies between Wang's testimony and documents submitted in her husband's two removal proceedings. Wang testified that family planning officials forced her to have one abortion in 2009. However, her husband, Zong, had twice unsuccessfully applied for asylum in the United States, and the records of those proceedings included inconsistent letters from Wang asserting that she had undergone forced abortions in 1998

3

and 2004, and an abortion certificate confirming the 1998 abortion.

The IJ was not compelled to credit Wang's explanation that she did not know that Zong previously had applied for asylum and that she had not prepared the letters submitted in his removal proceedings. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and citations omitted)). Despite numerous continuances, Wang did not produce reliable evidence sufficient to corroborate this explanation. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (providing that an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into question).

First, the IJ reasonably declined to credit Zong's unsworn letters stating that Wang had only one abortion in

2009 and had not submitted the letters in his proceedings because he was an interested party who was not made available via telephone for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (deferring to the agency's decision to afford little weight to petitioner's husband's letter stating that Chinese authorities were looking for her on account of her political activities in the United States because the letter was unsworn and was submitted by an interested witness). Contrary to Wang's contention, the IJ was not compelled to credit Zong's unsworn letters simply because she relied on unsworn letters allegedly prepared by Wang to question Wang's credibility. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."). That is particularly so given that the IJ continued proceedings in part to provide Zong an opportunity to attest to the veracity of his letters before the U.S. consulate in China, but he did not do so. Wang did not provide a compelling explanation for this failure. *See Majidi*, 430 F.3d at 80.

The IJ also did not err in declining to credit a report prepared in China, in which two Judicial Authenticators conclude (based on handwriting analysis) that the letters submitted in Zong's proceedings were not written by Wang. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of IJ discretion). As the IJ found, there was no information regarding what training the Judicial Authenticators completed to qualify as experts in handwriting analysis or how they obtained their Judicial Authenticator's Licenses.

Ultimately, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

6

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk